UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CSC Leasing Co., <br><br> *Plaintiff*, <br><br> v. <br><br> Ligandal, Inc., <br><br> *Defendant.* | Civil Action No. 3:20-cv-911 |

## VERIFIED COMPLAINT

Plaintiff CSC Leasing Company ("CSC"), through counsel, files this Verified Complaint against Defendant Ligandal, Inc. ("Ligandal" or the "Defendant"). In support, CSC states as follows:

## PRELIMINARY STATEMENT

1. CSC leased various items of equipment to Ligandal pursuant to a master lease agreement and corresponding lease schedules. Ligandal has failed to pay to CSC the regular rental amounts due and owing for that equipment. As of the filing of this Complaint, Ligandal owes to CSC past due rent in the amount of $467,171.32—including taxes and finance charges but excluding legal fees and other costs of collection—and prospective, basic rent due over the remaining terms of the respective lease schedules in the amount of $195,772.00.[1]

---

[1] CSC has invoiced Ligandal for rent due through December 2020; prospective rent includes rent due in January 2021 and forward. The sum of $195,772.00 excludes associated taxes. Schedule A expired on October 31, 2020 by its original term and renews in accordance with the Master Lease.

James K. Donaldson, Esq. (VSB No. 80307)
LimNexus LLP
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
(213) 955-9500 (telephone)
(213) 955-9511 (facsimile)
jed.donaldson@limnexus.com
*Counsel to CSC Leasing Co.*

## PARTIES

2. Plaintiff CSC is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business located at 6802 Paragon Place, Suite 350, Richmond, Virginia 23230.

3. Defendant Ligandal is a corporation organized under the laws of the State of Delaware. Ligandal's principal place of business is located at 820 Heinz Avenue, Berkeley, CA 94710.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because (i) the amount in controversy exceeds $75,000.00, excluding interest, costs, and fees; and (ii) the action is between citizens of different states.

5. The Court has personal jurisdiction over Ligandal pursuant to Virginia Code § 8.01-328.1 because Ligandal transacted business in the Commonwealth of Virginia, committed the acts complained of in the Commonwealth of Virginia, and caused injury to CSC in the Commonwealth of Virginia.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial portion of the events and omissions giving rise to CSC's claims and causes of action occurred in this District.

7. Also, the Master Lease, defined below, provides that the "sole and exclusive jurisdiction for any legal action, suit, or proceedings arising out of [the] Master Lease . . . shall be a state or federal court of competent jurisdiction for the County of Henrico, Virginia . . . ." (**Exhibit 1**, at 14.)

## FACTS

**A. The Master Lease**

8. On August 25, 2017, CSC, as lessor, and Ligandal, as lessee, executed that certain Master Equipment Lease Agreement No. 2017035 (the "Master Lease"). (**Exhibit 1**, attached hereto, is a true and accurate copy of the Master Lease.)

9. The Master Lease provides the governing and controlling terms as to each Schedule, defined below, and the Leased Equipment, defined below.

10. The Master Lease provides that Virginia law shall control as to any disputes. (**Ex. 1**, at 14–15.)

11. The Master Lease provides that CSC is the sole and exclusive owner of the Leased Equipment, defined below. (**Ex. 1**, at 4.)

12. Pursuant to § 4(b) of the Master Lease, Ligandal must pay for the personal property taxes assessed on the Leased Equipment, which taxes are to be filed by CSC. (**Ex. 1**, at 3–4).

13. Section 5 of the Master Lease authorizes CSC, or its agent, with "free access to the Equipment . . . for the purpose of inspection and for any other purpose contemplated in [the] master Lease." (**Ex. 1**, at 4.)

14. Section 11(a) of the Master Lease provides that "[t]he failure to pay the Basic Rental or other monies due upon their due date and within five (5) days after receipt of written notice from" CSC is an event of default. (**Ex. 1**, at 8.)

**B. The Equipment Schedules & Certificates**

15. Currently, pursuant to the Master Lease, Ligandal and CSC have executed Schedules A, B, C, D, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, and T (collectively, the "Schedules"; each, a "Schedule"). (**Exhibit 2**, attached hereto, is a true and accurate copy of each of the

Schedules.)

16. Each Schedule details and itemizes equipment owned by CSC and leased to Ligandal, including the description, quantity, manufacturer, model number, and serial number for the respective equipment (collectively, across all Schedules, the "Leased Equipment").

17. In addition to describing the Leased Equipment, each Schedule provides the dollar amount of the Basic Rental, as defined therein, to be paid by Ligandal to CSC and the term, interval, and duration of the Basic Rental to be paid by Ligandal to CSC, as well as late fees.

18. Further, each Schedule sets forth the location at which the Leased Equipment was delivered.

19. Each Schedule "incorporate[s] by reference all terms and conditions of this Master Lease except as provided herein together with such other terms or amendments, which may be specified in such Schedule, and together with this Master Lease, each Schedule shall individually constitute the lease (Lease) for the Equipment specified in such Schedule." (**Ex. 1**, at 2.)

20. As to each Schedule, Ligandal executed a corresponding acceptance certificate (collectively, the "Acceptance Certificates"; each, an "Acceptance Certificate"). (**Exhibit 3**, attached hereto, is a true and accurate copy of each Acceptance Certificate.)

21. In each Acceptance Certificate, Ligandal certified that the Leased Equipment (a) had been "inspected by authorized representatives of [Ligandal], (ii) installed and place in good working order, and (iii) accepted by [Ligandal] for leasing under all provision[s] of the [Master] Lease; and (b) that [Ligandal] is obligated to pay the rental and all other sums provided for in the [Master] Lease . . ." (**Ex. 3**, at 1.)

**C. Ligandal's Defaults**

22. As of November 23, 2020, the past due sum owed to CSC under the Schedules

equals $467,171.32, comprised of: (i) basic rent and taxes on the basic rent of $352,402.30; (ii) 2019 and 2020 past due personal property taxes of $16,392.11; and (iii) finance and late charges of $98,376.91.

23. On April 20, 2020, CSC, through counsel, sent to Ligandal a notice of default and cure rights (the "April Default Notice").  (**Exhibit 4**, attached hereto, is a true and accurate copy of the April Default Notice.)

24. As of April 20, 2020, Ligandal owed to CSC past due rent not less than $300,380.35.

25. Ligandal failed to cure the defaults stated in the April Default Notice.

26. On September 24, 2020, CSC, through counsel, sent to Ligandal a notice of continuing default (the "September Default Notice").  (**Exhibit 5**, attached hereto, is a true and accurate copy of the September Default Notice.)

27. As of September 24, 2020, Ligandal owed to CSC past due rent not less than $358,371.22.

28. Ligandal failed to cure the defaults stated in the September Default Notice.

29. Under the terms of the Master Lease, in the event of default by Ligandal, CSC is entitled to take remedial actions, including, without limitation, accelerating the amount due to CSC under the Lease as set out in each Schedule and taking immediate possession of CSC's Leased Equipment and removing it from Ligandal's facility. (**Ex. 1** at 10–11.)

30. On October 23, 2020, CSC, through counsel, sent to Ligandal a notice of acceleration (the "Acceleration Notice"), which, due to Ligandal's failure to cure outstanding defaults, gave notice of CSC's acceleration of the full amount due under the Master Lease and Schedules.  (**Exhibit 6**, attached hereto, is a true and accurate copy of the Acceleration Notice.)

31. The Acceleration Notice states that, as of October 23, 2020, Ligandal owes to CSC not less than $631,242.87.

32. To date, Ligandal has failed to cure the defaults stated in the April Default Notice and the September Default Notice.

33. Ligandal is therefore in default under the terms of the Master Lease, including, without limitation, § 11(a) of the Master Lease.

34. As of November 23, 2020, Ligandal has not tendered any amounts or funds sufficient to cure the late payments due under the Master Lease and Schedules.

35. As of November 23, 2020, the past due amount due and owing to CSC from Ligandal is $467,171.32, excluding costs, fees, and other expenses incurred in connection with collection.

36. As of November 23, 2020, the accelerated amount of prospective rent ("Prospective Rent") due and owing to CSC from Ligandal is $195,772.00, excluding costs, fees, and other expenses incurred in connection with collection.

37. CSC has invoiced Ligandal for rent due and owing through December 2020; accordingly, the Prospective Rent due is for January 2021 through the respective, remaining terms of the Schedules; as well as Schedule A, which has expired but renews in accordance with the terms of the Master Lease.

38. CSC estimates personal property tax obligations of approximately $6,209.61 will be due in 2021 across all Schedules, which amount Ligandal is also liable to CSC under the terms of the Master Lease.

39. Through October 2020, CSC had incurred $1,560.00 in costs, reasonable attorneys' fees, and expenses in connection with collection efforts and protecting its interests in the Leased

Equipment.

40. The total amount of due and owing from Ligandal is $670,712.93, excluding prejudgment interest.

41. That total sum of $670,712.93 excludes the value of the Leased Equipment.

42. These allegations and amounts are attested to in the Affidavit, attached hereto.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

43. Plaintiff CSC incorporates by reference, as though fully restated herein, each of the allegations stated at paragraphs 1 through 42, above.

44. The Master Lease, the Schedules, and the Acceptance Certificates, by and between CSC and Ligandal were duly executed, and those documents comprise a valid contract between CSC and Ligandal providing for, without limitation, the timely payment of the amounts due under each Schedule.

45. Ligandal has materially breached the Master Lease and Schedules through the series of unlawful acts and omissions described in this Complaint, including, without limitation, the payment defaults described above.

46. Ligandal's breaches of the Master Lease and Schedules are the direct and proximate cause of damages to, and harm sustained by, CSC.

47. CSC therefore seeks a judgment against Ligandal, for unpaid rent, related taxes, finance charges, estimated personal property taxes, Prospective Rent, and legal fees in the amount of $670,712.93, *plus* prejudgment interest from April 20, 2020 until the date of judgment, post-judgment interest, fees, and costs, including reasonable attorneys' fees incurred in filing this lawsuit.

## COUNT II – DETINUE

48. Plaintiff CSC incorporates by reference, as though fully restated herein, each of the allegations stated at paragraphs 1 through 47, above.

49. Title for the Leased Equipment did not pass at any time to Ligandal, and the Leased Equipment remains the sole property of CSC. (**Ex. 1**, at 4.)

50. CSC is entitled to immediate possession of the Leased Equipment because Ligandal is in default, as provided by the terms of the Master Lease. (**Ex. 1** at 10–11.)

51. The Leased Equipment is identifiable and has value.

52. Ligandal took possession of the Leased Equipment as indicated by the Acceptance Certificates.

53. Ligandal continues to retain the Leased Equipment, which is currently being depreciated and dissipated without payment to CSC.

54. CSC, therefore, seeks a judgment against Ligandal for immediate and exclusive possession of the Leased Equipment.

## COUNT III – INJUNCTIVE RELIEF

55. Plaintiff CSC incorporates by reference, as though fully restated herein, each of the allegations stated at paragraphs 1 through 54, above.

56. CSC seeks an order authorizing, directing, and compelling Ligandal to provide to CSC, including its agents, representatives, and contractors, prompt access to the Leased Equipment so that CSC may remove the Leased Equipment, which costs of repossession shall be the responsibility of Ligandal.

57. Alternatively, CSC seeks an order directing and compelling Ligandal to deliver, at Ligandal's sole cost and expense, the Leased Equipment to CSC at a location of CSC's choosing.

## RESERVATION OF RIGHTS

58.     CSC reserves all rights, claims, and defenses as to Ligandal, as well as its insiders, owners, principals, members, affiliates, and/or subsidiaries.  Nothing herein shall be construed as a waiver of, or otherwise prejudice, CSC rights, claims, and defenses as to Ligandal and Ligandal's diectors, officers, shareholders, and employees; the Leased Equipment; and/or any other individual or entity, including, without limitation, CSC's right to amend this Complaint and seek additional relief based on any additional facts that may become known after the filing of this Complaint.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff CSC requests that the Court enter an order:

A. Granting judgment in CSC's favor and awarding an amount to be proven at trial, but not less than $670,712.93, which is comprised of (i) $352,402.30 in past due rent and taxes; (ii) $98,376.91 in late fees and finance charges; (iii) $195,772.00 in prospective rent and taxes; (iv) $6,209.61 in 2021 estimated personal property taxes; and (iv) $1,560.00 in legal fees and expenses;

B. Awarding prejudgment and post-judgment interest;

C. Awarding to CSC the costs, expenses, and fees incurred by CSC in pursuing this action, including, without limitation, reasonably attorneys' fees;

D. Directing Ligandal to return to CSC, or its duly authorized agent, the Leased Equipment at the sole cost and expense of Ligandal;

E. Directing Ligandal to provide to CSC, including its agents and contractors, prompt access to the Leased Equipment so that CSC may remove the Leased Equipment;

F. Providing such further relief that the Court deems proper.

DATED: November 24, 2020              CSC LEASING CO.

/s/ James Donaldson
James K. Donaldson, Esq. (VSB No. 80307)
LimNexus LLP
1050 Connecticut Avenue NW, Suite 500
(213) 955-9500 (telephone)
(213) 955-9511 (facsimile)
jed.donaldson@limnexus.com

*Counsel for CSC Leasing Co.*